**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

KIM RENEE YOUNG                                                                                          PLAINTIFF

v.                                           4:15-CV-00657-JLH-JJV

CAROLYN W. COLVIN,
Acting Commissioner,
Social Security Administration,                                                                  DEFENDANT

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge J. Leon Holmes. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Kim Young, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits and supplemental security income. Both parties have submitted briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an

opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and recommend the Complaint be DISMISSED.

Plaintiff was fifty-one years old at the time of the administrative hearing. (Tr. 29) She testified she went to the twelfth grade in school. (*Id.*)

Plaintiff alleges she is disabled due to anxiety, depression, and hypertension. (Tr. 43) The ALJ[1] found Ms. Young had not engaged in substantial gainful activity since July 1, 2012, the alleged onset date. (Tr. 13) She has a "severe" impairment in the form of depression and hypertension. (*Id.*) The ALJ further found Ms. Young did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1.[2] (Tr. 14)

The ALJ determined Ms. Young had the residual functional capacity to perform a reduced range of light work. (Tr. 15) He determined Ms. Young had no past relevant work, so he utilized the services of a vocational expert to determine whether other work existed in significant numbers that Plaintiff could perform despite her impairments. (Tr. 17-18, 39-41) Through asking hypothetical questions of the vocational expert, the ALJ assessed that Ms. Young could perform the jobs of housekeeper and small products assembler. (Doc. No. 18) Accordingly, the ALJ determined Ms. Young was not disabled. (Tr. 18-19)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-3) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2)

In support of her Complaint, Plaintiff raises several arguments. She believes the ALJ

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

improperly evaluated the evidence from her treating doctor, did not give enough weight to her to Global Assessment of Functioning (GAF) scores, erred with his credibility analysis, incorrectly determined her residual functional capacity, and asked improper hypothetical questions of the vocational expert. (Doc. No. 9)

With regard to her first argument, Plaintiff argues that the findings of her treating physician, Dianna Esmaeilpour, M.D., should constitute substantial evidence. Generally, this is true. But as the United States Court of Appeals for the Eighth Circuit has re-iterated:

> Generally, a treating physician's opinion is given more weight than other sources in a disability proceeding. 20 C.F.R. § 404.1527(c)(2). Indeed, when the treating physician's opinion is supported by proper medical testing, and is not inconsistent with other substantial evidence in the record, the ALJ must give the opinion controlling weight. Id. "However, [a]n ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir.2010) (alteration in original) (internal quotation omitted). Ultimately, the ALJ must "give good reasons" to explain the weight given the treating physician's opinion. 20 C.F.R. § 404.1527(c)(2).

*Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012).

Here, the ALJ had good reason to discount Dr. Esmaeilpour's conclusions. She provided a Medical Assessment of Ability to Do Work-Related Activities (Mental), dated May 20, 2014. (Tr. 374-375) In this assessment, Dr. Esmaeilpour notes that Ms. Young is *extremely* limited. Yet, these extreme limitations, as the ALJ determined, are not borne out by Plaintiff's treatment notes. (Tr. 264-287, 301-327) For example, Dr. Esmaeilpour checked "Poor/None" when asked about Plaintiff's ability to maintain her personal appearance. (Tr. 375) However, the treatment notes consistently show Plaintiff is "well groomed." (Tr. 301, 304, 308, 312, 316, 324) While Plaintiff has certainly offered evidence supporting disability, credibility determinations and the weight given to evidence are the prerogatives of the fact finding ALJ, within broad limits. *Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993).

Plaintiff also disagrees with the ALJ's credibility assessment. The credibility assessment plays a significant role in the residual functional capacity assessment.

The ALJ considered Plaintiff's subjective complaints in light of *Polaski v. Heckler*, 739 F.2d

3

1320 (8th Cir. 1984), which states:

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
>    1. the claimant's daily activities;
>
>    2. the duration, frequency and intensity of the pain;
>
>    3. precipitating and aggravating factors;
>
>    4. dosage, effectiveness and side effects of medication;
>
>    5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints <u>solely</u> on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski v. Heckler*, 739 F.2d at 1322 (emphasis in original).

A review of the ALJ's opinion shows he considered Plaintiff's subjective allegations but found them less than credible. (Tr. 15-16) I agree the credibility determination was brief. But I find the credibility analysis was proper. He made express credibility findings and gave valid reasons for discrediting Plaintiff's subjective complaints. *E.g., Shelton v. Chater*, 87 F.3d 992, 995 (8th Cir. 1996); *Reynolds. v. Chater*, 82 F.3d 254, 258 (8th Cir. 1996); *Hall v. Chater*, 62 F.3d 220, 224 (8th Cir. 1995). His credibility findings are entitled to deference as long as they are supported by good reasons and substantial evidence. *Gregg v. Barnhart,* 354 F.2d 710, 714 (8th Cir. 2003). The ALJ is always in the best position to gauge the credibility of a claimant's testimony. Thus, the ALJ is granted deference in this regard. *Schultz v. Astrue*, 479 F.3d 979, 982-983 (8th Cir. 2007). Accordingly, I find no basis to overturn the ALJ's credibility determination.

With regard to Plaintiff's argument about her GAF scores, I find she overemphasizes the importance of GAF scores. The Commissioner has declined to endorse the use of the GAF Scale, noting that the GAF Scale did not have a direct correlation to the severity requirements in the mental disorder Listings. *See* 65 Fed. Reg. 50746, 50764-65 (August 21, 2000). Measuring mental impairments on a numerical scale is difficult. DSM-IV-TR cautions:

> DSM-IV is a classification of mental disorders that was developed for use in clinical, educational, and research settings. The diagnostic categories, criteria, and textual descriptions are meant to be employed by individuals with appropriate clinical training and experience in diagnosis. It is important that DSM-IV not be applied mechanically by untrained individuals. The specific diagnostic criteria included in DSM-IV are meant to serve as guidelines to be informed by clinical judgment and are not meant to be used in a cookbook fashion.

DSM-IV-TR at xxxii.

The ALJ discussed Ms. Young's scores in his decision. (Tr. 16) But he also looked to her activities of daily living, conservative treatment by her doctors, her mild medical signs of mental symptoms with treatment, and the opinions of Drs. Daugherty and Janssen, when concluding she was capable of performing a reduced range of light work. (Tr. 17) Therefore, by itself, the GAF scores do not rise to the level of a medical opinion that the ALJ must rely upon. It is no more significant than any of the other axes of the multiaxial assessment. Thus, the ALJ did not err in not giving greater consideration of Plaintiff's GAF scores as determinative of a disability.

Plaintiff has advanced other arguments which I have considered and find to be without merit. I am sympathetic to Ms. Young's s claims. She has apparently worked hard to rid herself of drug addiction and appears to want to work. There is evidence that she has limitations related to her depression and anxiety, but the ALJ's finding that she could perform light work during the relevant time period is supported by the record. *Davis v. Apfel*, 239 F.3d 962 (8th Cir. 2001) ("We may not reverse merely because substantial evidence also exists that would support a contrary outcome, or because we would have decided the case differently.").

It is not the task of this court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992). In conclusion, the record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991). The Commissioner's decision is not based on

legal error.

    IT IS, THEREFORE, RECOMMENDED that the final determination of the Commissioner be affirmed and Plaintiff's Complaint be dismissed with prejudice.

    DATED this 23rd day of May, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE